IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| CARLOS GONZALES,<br>*Plaintiff*,<br><br>v.<br><br>WEEKS MARINE COMPANY, LLC,<br>*Defendant*. | §<br>§<br>§   CIVIL ACTION NO. _____<br>§<br>§<br>§<br>§   **JURY TRIAL DEMANDED** |

## PLAINTIFF'S ORIGINAL COMPLAINT

Plaintiff Glen Alexander complains of Weeks Marine Company, LLC for cause of action respectfully shows this Honorable Court the following:

### THE PARTIES

1. Plaintiff is a resident of Texas. Plaintiff is an American seaman and brings this action pursuant to Title 46 U.S.C. § 30104.

2. Defendant Weeks Marine Company, LLC is a foreign limited liability company. This Defendant maintains a registered agent in Louisiana. It may be served through its registered agent: Melody Treme, 304 Gaille Drive, Covington, LA 70433.

### JURISDICTION AND VENUE

3. This Court has subject matter jurisdiction over this action pursuant to 46 USC § 30104.

4. This Court has personal jurisdiction over the Defendant because it conducts systematic and continuous business activities in and throughout the state of Louisiana and this District.

5. Venue is properly laid in this District as the Defendant resides in this District.

### CLAIMS FOR RELIEF

#### Jones Act Negligence/General Maritime Negligence/Unseaworthiness

6. On or about July 3, 2021, Plaintiff was working for Defendant Weeks Marine. While performing work as a deck hand, Mr. Gonzales was ordered to do work meant for several individuals by himself. This included lifting spud pins many times by himself. This repeated work of heavy lifts by himself resulted in him injuring his shoulder and bicep. Unfortunately,

delayed treatment for this caused some of his injuries to get worse, and others become permanent. Additionally, these heavy lifts without help caused an injury to Plaintiff's neck. At all times material hereto, Plaintiff was aboard a vessel owned and operated by Defendant, and was in the employ of Defendant, acting within the course and scope of his employment as a seaman. As such, Plaintiff sues for Jones Act negligence, general maritime negligence, and for unseaworthiness.

Defendant owed Plaintiff the duty of reasonable care, and a duty to provide a reasonably safe place to work – this includes warning Plaintiff of dangerous man-made hazards. Defendant failed in its duties to the Plaintiff. Defendant's breach of its duty was the producing cause, or the proximate cause, of Plaintiff's injuries.

7. By reason of the occurrences made the basis of this action, including the conduct on the part of Defendant, Plaintiff sustained severe bodily injuries. Plaintiff has suffered physical pain and mental anguish and, in reasonable medical probability, will continue to do so for the balance of his natural life. Plaintiff brings claims under the Jones Act, general maritime negligence, and unseaworthiness.

8. As a result of the foregoing injuries, Plaintiff has suffered a loss of wages in the past and a loss of or reduction in the capacity to work and earn money in the future and, in reasonable probability, his earning capacity has been impaired permanently.

9. Moreover, Plaintiff has incurred reasonable and necessary medical expenses in the past and, in reasonable probability will incur reasonable medical expenses in the future.

10. Additionally, as a result of the injuries sustained in this occurrence, Plaintiff suffered in the past and will, in reasonable medical probability, continue to suffer permanent physical impairment.

11. Pleading further, in the alternative, if it is shown that Plaintiff was suffering from some pre-existing injury, disease, and/or condition, then such was aggravated and/or exacerbated as a proximate result of the occurrence made the basis of this lawsuit.

12. Plaintiff is physically impaired as a result of injuries sustained. As a consequence, he has lost the ability to perform household services and, in reasonable probability, this loss is permanent.

## Maintenance and Cure

13. Plaintiff would show that on the above-mentioned date, he was injured while in the service of a vessel. As a result, Defendant has and continues to have a non-delegable duty to provide Plaintiff with the benefit of maintenance and cure. Plaintiff would show that he has not reached maximum medical improvement and that Defendant's duty continues. Defendant has denied payment and/or has unreasonably delayed payments for maintenance and cure and/or has paid maintenance in an insufficient amount. As a result of Defendant's conduct, and Defendant's failure to pay and/or delay paying the benefits of maintenance and cure, Plaintiff has suffered further injuries and damages, for which he now sues. Plaintiff would further show that Defendant's failure to provide the benefits of maintenance and cure is not only unreasonable, but is arbitrary and capricious, or willful, callous, and persistent; and that as a result thereof, Plaintiff is entitled to an award of attorneys' fees, for which he now sues, in addition to all other relief sought.

14. Plaintiff would further show that Defendant's personnel interfered with Plaintiff's medical treatment, refused to investigate and refused to acknowledge Plaintiff was injured. Plaintiff would also show that Defendant knew Plaintiff was injured, but attempted to hide such injuries from Defendant's contract partner, and attempted to force Plaintiff to work beyond reasonable restrictions.

15. Plaintiff would also show that Defendant is guilty of willful and wanton misconduct in failing to provide maintenance and cure. Further, Defendant failed to have adequate equipment available, and failed to have adequately trained personnel directing such work.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff demands judgment in his favor against the Defendant as follows:

a. Compensatory damages to include those for past and future economic loss; past and future mental anguish; past and future pain and suffering; past and future bodily impairment and disfigurement; and past and future medical expenses in an amount to be determined by the trier of fact as provided by law and supported by the evidence at trial;

b. Maintenance and cure benefits together with punitive damages;

c. An award of attorneys' fees and costs of suit, as provided by law; and

d. Any other such other legal and equitable relief as this Court deems just and proper.

## JURY DEMAND

Plaintiff demands a trial by jury.

Respectfully submitted,

**GARNER & MUNOZ**

<u>s/ John G. Munoz</u>
    John G. Munoz
    Louisiana Bar No. 9830
    jgm@g-mlaw.com
    Garner & Munoz
    935 Gravier Street, Suite 1140
    New Orleans, LA 70112-2411
    Telephone: 504.581.7070
    Facsimile: 504.581.7083

**ATTORNEY FOR PLAINTIFF**

Please issue summons to: :

WEEKS MARINE COMPANY, LLC
*Through their Agent for Service of Process:*
Melody Treme
304 Gaille Drive
Covington, LA 70433