UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| CARLOS GONZALES | § | CIVIL ACTION NO. 22-232 |
| | § | |
| VERSUS | § | JUDGE ELDON E. FALLON |
| | § | |
| WEEKS MARINE COMPANY, LLC | § | MAGISTRATE JUDGE |
| | § | DONNA PHILLIPS CURRAULT |

**ORDER AND REASONS**

Before the Court is Defendant Weeks Marine Company, LLC's Motion to Dismiss for Lack of Jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(2). R. Doc. 5. Plaintiff has responded in opposition. R. Doc. 10. Weeks Marine filed a reply by Having considered the briefing and relevant law, the Court rules as follows.

I.     **BACKGROUND**

This case arises out of alleged workplace injuries suffered by Plaintiff Carlos Gonzales, who was employed by Weeks Marine, Inc. ("Weeks Marine"). Plaintiff alleges that on July 3, 2021, while doing dredging work as a deck hand on a vessel in Florida for Weeks Marine, he was ordered to perform a task meant for several persons by himself, including lifting spud pins many times by himself. *Id.* at 1. Plaintiff further alleges that having to repeatedly perform these tasks by himself led to injuries in his shoulder, bicep, and neck, and that delayed treatment for these issues caused them to become more severe and some to become permanent. *Id.* At all times material hereto, Plaintiff alleges he was aboard a vessel owned and operated by Defendant, and was in the employ of Defendant, acting within the course and scope of his employment as a

seaman. *Id.* at 2. Plaintiff is suing for Jones Act negligence, general maritime negligence, and unseaworthiness. *Id.*

Plaintiff alleges Defendants have a non-delegable duty to provide Plaintiff with maintenance and cure. *Id.* at 3. Plaintiff alleges that Defendant has denied payment or unreasonably delayed payments for maintenance and cure, as well as paid maintenance in insufficient amount. *Id.* Plaintiff claims that he has suffered further injuries and damage as a result of Defendant's failure to pay maintenance and care. *Id.* Plaintiff further alleges that Defendant interfered with his medical treatment and refused to investigate or acknowledge his injuries, attempting to coerce him to continue laboring with said injuries. *Id.* Lastly, Plaintiff alleges that Defendant failed to have proper equipment available and failed to adequately train personnel directing their work. *Id.* at 4.

In lieu of an Answer, Weeks Marine has filed a Motion to Dismiss the case under Federal Rule of Civil Procedure 12(b)(2) for lack of personal jurisdiction. R. Doc. 5.

## II.     PRESENT MOTION

The present motion to dismiss for lack of personal jurisdiction is based on Defendant's assertion that this Court has neither general nor specific personal jurisdiction over it. *Id.* at 1. Defendant alleges that it is not "at home" in Louisiana, since it is not incorporated in Louisiana nor is its principle place of business in Louisiana, so general jurisdiction is lacking. *Id.* As for specific jurisdiction, Defendant points out that the suit must "arise out of" its specific contacts with the state, and that, since the injury occurred in Florida while Plaintiff was a resident of Florida, this Court does not have specific personal jurisdiction. *Id.*

Plaintiff filed a response to the motion, claiming that, because Weeks Marine has, and has had for many years, their "head dredging office" in Covington, Louisiana, and that office was in charge of the specific work and vessel on which Plaintiff was working at the time of his injury, that this Court has specific jurisdiction in this matter. R. Doc. 10 at 2. Plaintiff does not contest Defendant's assertion that the Court lacks general jurisdiction over Defendant. Defendant, in its reply, asserts that Plaintiff failed to establish a significant connection between Louisiana and the accident that occurred in Port Manatee, Florida out of which this suit arises. R. Doc. 17 at 1.

### III.  APPLICABLE LAW

In determining whether to dismiss a case for lack of personal jurisdiction over a defendant, the plaintiff bears the burden of establishing jurisdiction, but need only present a prima facie case for personal jurisdiction. *Thompson v. Chrysler Motors Corp.*, 755 F.2d 1162, 1165 (5th Cir. 1985). The court must accept the plaintiff's uncontroverted allegations as true, except as controverted by opposing affidavits or declarations, and must resolve any factual conflicts in his favor.[1] *Monkton Ins. Servs. v. Ritter*, 768 F.3d 429, 431 (5th Cir. 2014) (citing *Revell v. Lidov*, 317 F.3d 467, 469-70 (5th Cir. 2002).

Because Plaintiff does not contest Defendant's assertion that the Court lacks general jurisdiction over Defendant, the Court limits its discussion to the issue of whether it may assert personal jurisdiction over Defendant in connection with the instant claims. A court has specific jurisdiction over a defendant only when three conditions are met. *Seiferth v. Helicopteros Atuneros, Inc.*, 472 F.3d 266, 271 (5th Cir. 2006). First, the defendant must "purposefully avail[ ] itself of the privilege of conducting activities in the forum State." *Ford Motor Co. v. Mont.*

---

[1] Acceptance of jurisdictional allegations as true does not automatically mean that a prima facie case has been presented. *Fielding v. Hubert Burda Media, Inc.*, 415 F.3d 419, 424 (5th Cir. 2005) (citing *Panda Brandywine Corp. v. Potomac Elec. Power Co.*, 253 F.3d 865, 868 (5th Cir. 2001)).

*Eighth Jud. Distr. Ct.*, 141 S. Ct. 1017, 1024 (2021). Second, the plaintiff's claim "must arise out of or relate to" those purposeful contacts. *Ford Motor Co.*, 141 S. Ct. at 1025 (cleaned up); *see also Bristol-Myers Squibb Co. v. Superior Court*, 137 S. Ct. 1773, 1781 (2017) ("What is needed. . . is a connection between the forum and the specific claims at issue."). A defendant may have many meaningful ties to the forum, but if they do not connect to the plaintiff's claim, they cannot support a finding of specific jurisdiction. Third, exercising jurisdiction must be "fair and reasonable" to the defendant. *Seiferth*, 472 F.3d at 271.

## IV.  DISCUSSION

The parties do not contest prongs one and two of the *Seiferth* test. Weeks Marine concedes that it has purposely availed itself of the privilege of conducting activities in Louisiana. Defendant does not argue that the exercise of jurisdiction over it by this Court would be unfair or unreasonable. Rather, the parties contest whether Plaintiff's claims "arise[s] out of or relates to" Weeks Marine's purposeful contacts with Louisiana.

Plaintiff argues that his claims do arise out of those purposeful contacts. He points out that Weeks Marine's dredging operation for the entire United States, including Florida, where the instant injury occurred, is run out of Covington, Louisiana. R. Doc. 10 at 3. He claims that he was injured because the dredge operation in Florida was not properly staffed and the individuals that were staffed for the work were not properly trained, causing the vessel to become unseaworthy. *Id.* At 4. He argues that because the decisions on how to staff the Florida dredging operation and how to train that staff was made in Covington, Louisiana, his injury was the result of corporate level decisions Weeks Marine made in its Louisiana office. *Id.*

In reply, Weeks Marine asserts that safety decisions regarding the dredging operations are made not in its Covington, Louisiana office, but are handled on site by a project manager. R.

Doc 17 at 3. In support of this, Defendant points to deposition testimony taken of two managers of its dredging division, who stated that the dredging projects area handled by an on-site project manager and that on-site safety is the responsibility off that project manager. *Id.* at 3–4.

At this state, as stated, this Court must accept Plaintiff's allegations as true, except as controverted by opposing affidavits or declarations, and must resolve any factual conflicts in his favor. Here, there exists a factual conflict as to whether the staffing, training, and safety decisions Plaintiff claims led to his injury were made the Covington office or by a site manager in Florida. Plaintiff's allegations, if true, support a finding of claim-specific personal jurisdiction by this Court over Weeks Marine in this case. Accordingly, at this stage, the Court must deny Defendant's motion to dismiss for lack of jurisdiction.

V.   **CONCLUSION**

For the foregoing reasons, Defendant's Motion to Dismiss for Lack of Jurisdiction is **DENIED**.

New Orleans, Louisiana, this 25th day of July, 2022.

_____
UNITED STATES DISTRICT JUDGE